T. J. SHINN v. W. A. SMITH.

*Interlocutory Order—Wife's Separate Estate.*

1. An interlocutory order is always under the control of the Court, pending the action in which it is made.
2. Where husband and wife join in a mortgage of lands consisting in part of the wife's separate estate to secure the husband's individual debts, a judgment creditor of the husband in no way connected with the mortgages is not entitled to an order of Court directing a sale of the wife's land in the first instance, to satisfy the mortgage creditor, thereby exonerating the husband's land and leaving it open for the satisfaction of outside debts.

(*Worth* v. *Gray*, 6 Jones Eq. 4; *Ashe* v. *Moore*, 2 Murp. 383, cited and approved.)

APPEAL from an order continuing an Injunction made at Chambers on the 9th of April, 1878, by *Cox, J.*

On the 17th of January, 1872, the defendant and his wife executed a mortgage deed to Elam King, to secure a debt the defendant owed King, with power of sale in default of payment at a certain time, and on the 3d of March, 1873, they executed a similar deed to Joel Reed to secure defendant's debt to him. The deed to King conveyed a tract of land in and near the town of Concord in Carbarrus county, and the deed to Reed conveyed the defendant's equity of redemption therein.

The plaintiff, having obtained a judgment against the defendant on a debt due him, had an execution issued which was returned unsatisfied, and thereupon he brought an action against the defendant and said mortgagees for a foreclosure of the mortgages and a sale of the land to pay his debt; and at Fall Term, 1877, of Cabarrus Superior Court, before *Kerr, J.*, an order was made appointing a commissioner to sell the same for the purpose aforesaid.

The affidavit of Mrs. Smith, wife of defendant, upon which

the injunction was granted, states that up to the time of the rendition of said order she was not a party to the action, but subsequently filed her complaint and moved to be made a party to protect her equities as surety of her husband, in that, said order authorized the sale of a house and lot which was her separate property; and at Chambers on the 18th of January, 1878, before *Schenck, J.* the said order was modified, and the commissioner directed to first sell the property of the defendant, and if by such sale a sufficient sum was not realized to pay the debts mentioned, then to sell the separate property of Mrs. Smith and disburse the fund according to the former order (and in the meantime granted a restraining order); in pursuance thereof the commissioner sold the land which was the property of the husband (defendant) and conveyed by said deeds, the proceeds of which proved to be sufficient not only to pay the debts secured by the mortgages, but left an excess of several hundred dollars, without resorting to a sale of the separate estate owned by the affiant. In this connection the affiant stated that she did not owe the creditors of her husband; that the indebtedness secured by the mortgages arose from the individual contract of her husband, and her separate property was conveyed with his, as additional security for its payment; and that the debt of the plaintiff is also an individual debt of her husband. The affiant is advised that as the debts secured in the mortgages have been satisfied as aforesaid, her separate property is discharged from any further lien in respect to the execution of said deeds; that notwithstanding the facts herein stated, the said commissioner has advertised her separate property, said house and lot, for sale to satisfy the plaintiff's judgment for the payment of which she is in no way liable; and she therefore asks that the plaintiff, the commissioner, &c., be enjoined from selling her said separate property. His Honor granted the order and the plaintiff appealed.

*Messrs. P. B. Means* and *J. W. Hinsdale,* for plaintiff. ·
*Messrs. Wilson & Son,* for defendant.

READE, J.    The husband, defendant Smith, owed debts
and executed mortgages on his lands to secure them.  His,
wife joined him in the mortgages and included a house
and lot which was her separate property.  The plaintiff
was an outside creditor of the husband Smith, and brought
this action against the mortgagees to compel them to fore--
close the mortgages so that he could have the surplus of
the proceeds of the sale applied to his debt.   At Fall Term,.
1877, of the Court below an order was made to sell the
lands in the mortgage for the purpose named above, and
that the land of the wife be sold first.

The manifest purpose of the plaintiff in this order was.
to have the wife's land sold to pay her husband's debts·
named in the mortgage, and leave the husband's lands
named in the mortgage, to pay the outside debts of the·
plaintiff, Shinn.

This was hard measure for the wife, as she was in no way
connected with the debts of her husband, and the order
can be accounted for only upon the ground that the wife·
was not made a party in the action, and it does not appear·
from the pleadings or from the mortgages, or in any other
way that the wife had any *separate* property in the land or
any interest except her dower right which is expressly
named in the mortgage, whilst her separate land is not
described as hers, but as the house and lot on which Smith,.
her husband, lived.   There was nothing therefore to di-
rect the attention of the Court to the fact that it was order-
ing the sale of the wife's land for the payment of the.
husband's debts, when his own lands were amply sufficient ·
for that purpose.   Whether this was by design or accident,.
it only needed that the error and injustice should be sub-
sequently called to the attention of the Court to induce the-

Court to set aside the interlocutory order of sale, an inter-locutory order being always under the control of the Court during the pending of the action. 2 Murphy, 383: 6 Jones' Eq., 4.

Accordingly the wife as soon as she learned that such an order had been made, filed a petition in the cause asking to be made a party, and that the order might be modified so as to require the husband's lands to be sold first. This was a clear equity to which she was entitled, and it was promptly granted by the Court and the former order was modified accordingly.

Under the modified order the husband's lands were sold for more than enough to satisfy the mortgages, and this discharged the mortgages on the lands of the husband, principal, and of course discharged the mortgages on the land of the wife, surety. And thereafter the wife and her land stood entirely exonerated from any debt of the hus-band, whether to the plaintiff Shinn, or other person. Yet strangely enough the plaintiff Shinn insisted that inasmuch as he had failed to make his debt out of the land of the husband who alone owed him, he had the right to make it out of the separate property of the wife who did not owe him. And the commissioner appointed to sell the husband's lands under the modified order agreeing with plaintiff, Shinn, was proceeding to sell the wife's land to pay the plaintiff's debt, when the restraining order was obtained from His Honor, Judge Cox.

It is true that the modified order gives some color for selling the wife's land to pay the plaintiff's debt, in this, that it directed the commissioner to sell the husband's land first, and if that was not sufficient to pay off the debts mentioned in the first order, then to sell the wife's land and distribute the proceeds to the satisfaction of the debts men-tioned in the first order. And the plaintiff says that his debt is mentioned in the first order; so it is but then it is

not one of the debts mentioned in the first order to be paid out of the wife's land, but out of the husband's land. It would not have availed the wife anything to have her lands exonerated from the sale for the mortgage debts for which she was bound as surety, and have it sold to pay the plaintiff's debt for which she was not bound at all. It is not to be supposed that the Court would have made such order with knowledge of the facts, and the order can be reconciled with the equity of the case by construing, "the debts named in the former order," to mean the *mortgage* debts named in the former order. And then the modified order would read,—sell the husband's lands first to pay the mortgage debts, and if there be a surplus, apply it to pay the plaintiff Shinn's debt. And if the husband's land shall not sell for enough to pay the mortgage debt, then sell the wife's land to pay the *mortgage* debt, but in no event is the wife's land to be sold to pay the plaintiff's debt for which she is in no way bound.

But if it were otherwise, as if the modified order in unmistakable terms directed the sale of the wife's land to pay the plaintiff's debt, for which neither she nor the land was bound, it would have been erroneous, and ought to be corrected.

It was objected by the plaintiff that the wife ought to have sought relief by a motion in the original action of Shinn against the mortgagees, and not by a new action. That is just what she has done. Her motion for relief and the modified order intended for her relief were in the original action, and the restraining order, and then the order continuing the restraining order until the hearing from which the appeal was taken, are all in the original action. It is true that His Honor does direct the wife to put her motion in the form of a complaint, and directs the plaintiff Shinn to answer, all of which was probably unnecessary, but it was a matter of which the wife had more right to

complain than Shinn; for as the case then stood the wife was clearly entitled to relief, and any further proceedings could only enure to the benefit of Shinn by allowing him to show some liability on the part of the wife, which did not appear.

There was no necessity for the formal summons and complaint which have been filed in this case by the wife, nor for the formal answer of the plaintiff Shinn, which is required, if the purpose be to give the proceedings the form of a new action. All the rights of the parties can and ought to be administered in this, which is the original action of Shinn against the mortgagees.

There is no error in the order continuing the injunction until the hearing, which is the order appealed from.

No error.                                 Judgment affirmed.