JAMES L. WELCH v. M. D. KINGSLAND.

*Power of Court over Interlocutory Orders.*

A judge of the superior court has the power to vacate or modify orders made in a cause at any time before final judgment.

(*Winslon* v. *Anderson,* 3 Dev. & Bat., 9; *Perry* v. *Adams,* 83 N. C., 266; *State* v. *Swepson, Ib.,* 584; *Henderson* v. *Graham,* 84 N. C., 496; *Miller* v. *Justice,* and cases cited, 86 N. C., 26, approved).

APPEAL from an order made at Spring Term, 1883, of HAY-WOOD Superior Court, by *Avery, J.*

The plaintiff appealed.

*Mr. Armistead Jones,* for plaintiff.
*Mr. Fred. C. Fisher,* for defendant.

SMITH, C. J.    The parties to this action, which involved the proper location of the divisional line between their several tracts of land, at spring term, 1881, came to a compromise, and agreed that it should be established according to the calls of the deed from William Deaver to John Deaver, under which the plaintiff derives title, and be ascertained and fixed by a survey made by W. H. Hargrove, and that certain designated persons should assess the plaintiff's damages.    The terms of this agreement were embodied in a judgment, and orders were made by the court to give it effect.

At spring term, 1882, the reports that had been made to the previous term and to which the plaintiff had filed exceptions,

were set aside, and a re-reference entered for a survey conforming to the line established by James Parks for the consideration of the court, and directing the said Hargrove and Parks to run the line "from the black oak to the sassafras and to the maple, to the end that the rights of the parties may be settled."

Pursuant to this order, separate surveys were made and reported, one by Hargrove, the other by Parks, to the first of which the plaintiff, and to the other, the defendant filed exceptions.

At spring term, 1883, the plaintiff, on affidavit, obtained a rule on the defendant for further security for his damages and costs, should they be adjudged to him, and at the time moved the court to set aside, or, as is said in the case, to expunge from the record that portion of the interlocutory judgment entered two terms previous, which directs a "reference to W. H. Hargrove and Parks to survey according to last order in the cause and report to the next term of this court, the *line from black oak to the sassafras and to the maple,* to the end that the rights of the parties may be settled."

The motion was predicated upon the fact that this addition was ordered to be made by the judge after the end of the term of the court in Haywood and while he was at Webster, the county-seat of Jackson, holding the court of that county.

The motion was denied on the ground of a supposed want of power in the judge to grant it, and without enquiring into the facts in order to the exercise of discretion in the premises.

We do not undertake to say that the circumstances do not warrant the refusal of the plaintiff's motion after his long acquiescence in the order and subsequent steps taken in the progress of the cause, even if a prompt application to the court was entitled to its favorable consideration; but it was an erroneous conclusion that the power to vacate was not vested in the court.

In such case the appellate court will entertain the appeal and reverse the erroneous ruling, in order that the court below may exercise the discretion confided to it, and grant or refuse the

application according to its judgment upon the merits. *Winslow* v. *Anderson,* 3 Dev. & Bat., 9; *Perry* v. *Adams,* 83 N. C., 266; *State* v. *Swepson, Ib.,* 584; *Henderson* v. *Graham,* 84 N. C., 496.

We think authority to vacate or modify previous orders ascertained to be erroneous or wrong, when discovered during the progress of the cause and before final judgment, does reside in the court, and on proper occasions should be exercised to promote the ends of justice.

An interlocutory order, in the language of READE, J., is "always under the control of the court during the pending of the action." *Shinn* v. *Smith,* 79 N. C., 310; *Ashe* v. *Moore,* 2 Mur., 383; *Miller* v. *Justice,* 86 N. C., 26.

This was a well settled rule in the courts of equity, but must be equally applicable to the present practice, which, in its essential features, conforms to that prevailing in those courts.

There is error in the ruling, and it is reversed. This will be certified, to the end that the court may proceed to hear and pass upon the plaintiff's motion.

Error.                                                           Reversed.