WILLIAM M. RUSS, Trustee of the Estate of MOSES W. WOODARD, SR., Petitioner, v. MOSES W. WOODARD, MOSES W. WOODARD III, MARY WHITE WOODARD McDONALD, NANCY ELIZABETH WOODARD, ELIZABETH G. WOODARD, and BESSIE W. CAMPBELL, Defendants.

(Filed 3 May, 1950.)

### 1. Trusts § 8—

The order of the clerk of the Superior Court accepting the resignation of a trustee in a special proceeding pursuant to G.S. 36-9, *et seq.*, is an interlocutory order regardless of whether an appeal is taken therefrom or not, since even in the absence of an appeal the statute requires that such order be approved by the judge of the Superior Court before it becomes effective. G.S. 36-12.

### 2. Judgments § 17a—

A judgment in a special proceeding as well as in a civil action may be either interlocutory or final. G.S. 1-393, G.S. 1-208.

### 3. Same—

A final judgment is one which decides the case upon its merits without need of further directions of the court; an interlocutory order or judgment is provisional or preliminary, and does not determine the issues but directs some further proceeding preliminary to final decree.

### 4. Judgments § 20a—

An interlocutory order or judgment is subject to change by the court during the pendency of the action to meet the exigencies of the case.

### 5. Clerks of Court § 3—

While the clerk of the Superior Court is a court of very limited jurisdiction, within his jurisdiction the clerk has the same power as courts of general jurisdiction to open, vacate, modify, set aside or enter as of a former time, decrees or orders of his court, and to fix time for hearings. G.S. 2-16 (9).

### 6. Clerks of Court § 5: Trusts § 8—

The clerk of the Superior Court has power to set aside his prior order accepting the resignation of a trustee and appointing a successor when no appeal has been taken and the order has not been approved by the judge of the Superior Court.

### 7. Trusts § 8—

Where the clerk of the court, in the exercise of his valid discretionary power, has set aside his order accepting the resignation of the trustee, his subsequent valid order accepting the resignation of the trustee and appointing a successor, entered in proceedings consonant with statutory requirements, G.S. 36-9, *et seq.*, and approved by the judge of the Superior Court in the exercise of judgment and discretion, will be affirmed on appeal.

Appeal by Elizabeth G. Woodard and Bessie W. Campbell from *Williams, J.,* at October Term, 1949, of Wake.

Special proceeding instituted 30 December, 1948, by petitioner before the Clerk of Superior Court of Wake County for the purpose of resigning as successor trustee of trust created under the will of Moses W. Woodard, Sr., deceased, pursuant to provisions of Articles 3 of Chapter 36 of the General Statutes of North Carolina.

The record on this appeal shows:

(1) That on 16 March, 1949, the Clerk of Superior Court, upon findings set forth, entered an order, in his discretion (1) allowing the petitioner to resign as trustee under and pursuant to the provisions of the last will and testament of Moses W. Woodard, deceased, and (2) appointing Thomas G. Chapman as the successor trustee, etc. (The record of this order does not carry the approval of the Judge of Superior Court.)

(2) That thereafter on 22 March, 1949, the Clerk of Superior Court entered order vacating the said order of 16 March, 1949. (The premises of this order is that "a misunderstanding has arisen for that the attorney representing the defendants Moses W. Woodard, Moses W. Woodard III, Mary White Woodard McDonald and Nancy Elizabeth Woodard seems to have understood that he would be given further time to present the name or names of the proposed trustee or trustees before the entering of an order," and that "the court not desiring to cause any injustice to be done believes it to be for the best interest of the parties concerned that the said order of March 16, 1949, be vacated and the matter placed in its original position as if said order had not been signed, to the end that all parties involved may be further heard." And the record of this order fails to show that any exception thereto, or that any appeal therefrom was taken by anyone.)

(3) That thereafter on 7 April, 1949, the Clerk of Superior Court entered an order allowing the defendants Moses W. Woodard, Moses W. Woodard III, Mary White McDonald Woodard and Nancy Elizabeth Woodard to file a petition or motion in the cause to be considered by the court in connection with the questions involved herein. (This petition details (a) the incidents of a hearing held on 28 February, 1949, at which all parties were present or represented by counsel, and (b) the contention of the parties as to a successor trustee or trustees, and states "that at the conclusion of the hearing the Clerk of the Court advised that he would take the matter under advisement; that he might wish to confer further with counsel, and suggested that counsel make suggestions to him as to persons who should be considered as Trustees"; and that subsequent thereto, and without notice to, or knowledge of them, or their attorneys, an order was inadvertently made, which order when called to

the attention of the Clerk was vacated by the Clerk of the Court on 22 March, 1949, reciting that a misunderstanding had arisen, etc.; and that at another hearing or conference on 28 March, 1949, the parties being represented by counsel, the matter of selecting a trustee or trustees was discussed, but no agreement was reached, and so on.)

(4) That thereafter on 2 May, 1949, the Clerk of Superior Court, after reciting the entry of the order of 16 March, 1949, and the vacation of it on 22 March, 1949, on account of misunderstanding that had arisen between counsel for Moses W. Woodard, and others, and the court as to the time when an order would be signed, and the court thereafter having conducted another hearing on 28 March, 1949, and thereafter on 7 April, 1949, Moses W. Woodard, and others, having filed a petition as allowed by an order of the court on 7 April, 1949, and finding that this proceeding has been duly conducted pursuant to the provisions of G.S. 36-9 through G.S. 36-12, and further finding that the resignation of petitioner, W. M. Russ, Trustee, can be allowed without prejudice to the rights of creditors or *cestuis que trustent,* and concluding that two trustees should be appointed to carry out the terms of the trust as set forth in the said will of Moses W. Woodard, deceased, entered an order, in the exercise of his discretion, allowing W. M. Russ to resign as trustee, and appointing as his successors First-Citizens Bank and Trust Company of Raleigh, North Carolina, and Wm. G. Mordecai, and setting forth requirements as to trustees' bond. (The defendants Elizabeth G. Woodard and Bessie W. Campbell, by notice dated 10 May, 1949, and served 11 May, 1949, excepted to the foregoing order and judgment "upon the grounds that the same is contrary to the evidence and the law and is erroneous," and appealed therefrom "to the Judge of the Superior Court as provided by law.")

(5) That thereafter on 20 October, 1949, defendants Elizabeth G. Woodard and Bessie W. Campbell filed a motion in the cause substantially as follows: That the court:

(a) Hold that the judgment entered by the Clerk on 16 March, 1949, was a final judgment, and since no appeal was taken therefrom, passed beyond and out of the jurisdiction of the Clerk, and was subject to confirmation by the Judge as prescribed by statute;

(b) Approve and affirm the judgment of 16 March, 1949, for that the person therein named as successor trustee was found to be a proper person to serve as such;

(c) Strike out the order of 22 March, 1949, as a nullity, for that the Clerk had no authority to enter said order, and that same was attempted to be entered without notice or hearing; and

(d) Strike out and disregard the order of the Clerk, dated 2 May, 1949, purporting to appoint trustees under the will of Moses W. Woodard,

for that same is "erroneous and done without power or authority, and the same is null and void."

(6) That the cause came on for hearing before the Judge presiding over Wake County Superior Court on the appeal of the defendants Elizabeth G. Woodard and Bessie W. Campbell from the order and judgment entered by the Clerk under date of 2 May, 1949, and, after being heard on 19 October, 1949, the Judge by consent took the matter under advisement, and on 9 November, 1949, ordered and adjudged that the said order of the Clerk of Superior Court of Wake County "be, and the same is hereby approved," except as to a portion not here pertinent.

The court denied the motion of the appealing defendants, dated 20 October, 1949, as to each ground, and they except to each ruling.

Defendants Elizabeth G. Woodard and Bessie W. Campbell appeal to Supreme Court and assign error.

*Simms & Simms and Bunn & Arendell for appellants.*
*Smith, Leach & Anderson for appellees.*

WINBORNE, J. Where in a special proceeding instituted by a trustee for the purpose of resigning his trust, pursuant to the provisions of G.S. 36-9 through G.S. 36-12, an order, purporting (1) to accept the resignation of the trustee, and (2) to appoint a successor trustee, has been entered by the clerk of Superior Court, before whom the proceeding is pending, and after a hearing, but through misunderstanding with counsel for some of the parties as to time when the clerk would sign an order in this respect, and such order has not been approved by the judge of Superior Court, and the clerk recognizes such misunderstanding, and is of opinion that it would be to the best interest of all parties concerned that the order so entered be vacated, does the clerk have authority and power to vacate the order? This is the basic question on which decision on this appeal turns. And pertinent statutes in this State, and decisions of this Court afford an affirmative answer.

In this connection, it is appropriate to review the provisions of the statute, Article 3 of Chapter 36 of General Statutes of North Carolina, which vests clerks of Superior Courts with power and jurisdiction to accept the resignation of trustees, and to appoint their successors in the manner provided in this article. G.S. 36-9. Upon the trustee filing his petition in the office of the clerk of Superior Court of the county in which he qualified or in which the instrument under which he claims is registered in compliance with provisions of G.S. 36-10, it is prescribed in G.S. 36-11 that the clerk shall docket the cause as a special proceeding, with the fiduciary as plaintiff and the *cestuis que trustent* as defendants, and that the procedure shall be the same as in other special proceedings. The

*cestuis que trustent,* creditors and any person interested in the trust estate are given the right to answer the petition or traverse the same and to offer evidence why the prayer of the petition should not be granted. It is provided that the clerk shall then proceed to hear and determine the matter, and if it appears to the court that the best interest of the creditors and the *cestuis que trustent* demand that the resignation of the fiduciary be accepted, or if it appears to the court that sufficient reasons exist for allowing the resignation, and that the resignation can be allowed without prejudice to the rights of creditors or the *cestuis que trustent,* the clerk may, in the exercise of his discretion, allow the applicant to resign, "and in such case the clerk shall proceed to appoint the successor of the petitioner in the manner provided in this article." And it is provided in G.S. 36-12 that if there be no appeal from the decision and order of the clerk within the time prescribed by law, the proceedings shall be submitted to the judge of the Superior Court and approved by him before same becomes effective. Moreover, it is provided in G.S. 36-13 that any party in interest may appeal from the decision of the clerk to the judge at Chambers, and that in such case the procedure shall be the same as in other special proceedings as now provided by law. And it is also provided that if the clerk allows the resignation, and an appeal is taken from his decision, such appeal shall have the effect to stay the judgment and order of the clerk until the cause is heard and determined by the judge upon the appeal taken. And it is further provided in G.S. 36-14 that upon appeal taken from the clerk to the judge, the judge shall have the power to review the facts or to take other evidence, and the facts found by the judge shall be final and conclusive upon any appeal to the Supreme Court. And there are other provisions of the statute pertaining to final accounting by trustee before resignation, G.S. 36-15, as to resignation of trustee becoming effective on settlement by him with his successor, G.S. 36-16, as to court appointing a successor, G.S. 36-17, and as to the rights and duties devolving on the successor, G.S. 36-18, which are not pertinent to questions involved on this appeal.

Thus it appears expressly that a proceeding by a trustee for the purpose of resigning his trust is denominated a special proceeding. The clerk is given jurisdiction of such proceedings. And the order of the clerk, in accepting the resignation of the trustee, if no appeal be taken therefrom, is then subject to approval by the judge of Superior Court. "Approve" implies the exercise of discretion and judgment. *Key v. Board of Education,* 170 N.C. 123, 86 S.E. 1002; *Harris v. Board of Education,* 216 N.C. 147, 4 S.E. 2d 328. Moreover, if an appeal be taken, the judge of Superior Court is given expressly the power to review the findings of fact made by the clerk and to find the facts or to take other evidence, and the

facts found by the judge shall be final and conclusive on any appeal to Supreme Court. It follows, therefore, that in either event,—no appeal therefrom or appeal therefrom,—the order of the clerk of Superior Court is not a final judgment. It is an interlocutory order or judgment.

"A judgment," as declared in the chapter on Civil Procedure, G.S. 1-208, "is either interlocutory or the final determination of the rights of the parties in the action." And the provisions of the chapter on Civil Procedure are applicable to special proceedings. G.S. 1-393.

"A judgment is final which decides the case upon its merits, without any reservation for other and further directions of the court, so that it is not necessary to bring the case again before the court." *Bunker v. Bunker,* 140 N.C. 18, 52 S.E. 237; see also *Flemming v. Roberts,* 84 N.C. 532; *Sanders v. May,* 173 N.C. 47, 91 S.E. 526.

"An interlocutory order or judgment is provisional or preliminary, and does not determine the issues in the action but directs some further proceedings preliminary to final decree." McIntosh, N. C. P. & P., Section 614, page 686. *Johnson v. Roberson,* 171 N.C. 194, 88 S.E. 231.

An interlocutory order or judgment differs from a final judgment in that an interlocutory order or judgment is "subject to change by the court during the pendency of the action to meet the exigencies of the case." McIntosh, N. C. P. & P., Sec. 614, page 686. See also *Shinn v. Smith,* 79 N.C. 310; *Miller v. Justice,* 86 N.C. 26; *Welch v. Kingsland,* 89 N.C. 179.

Indeed, in the case of *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700, a special proceeding for the partition of land, it is held that all orders therein, other than decree of confirmation, are interlocutory, and that until the decree of confirmation is entered "the whole matter rests in the judgment of the clerk, subject to review by the judge."

And while the decisions of this Court hold that the clerk of Superior Court is a court of very limited jurisdiction, such clerk does have such jurisdiction as is given by statute. *McCauley v. McCauley,* 122 N.C. 288, 30 S.E. 344; *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579; *Beaufort County v. Bishop,* 216 N.C. 211, 4 S.E. 2d 525; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690; *McDaniel v. Leggett,* 224 N.C. 806, 32 S.E. 2d 602.

And in G.S. 2-16 it is provided that "every clerk has power . . . (9) to open, vacate, modify, set aside or enter as of a former time, decrees or orders of his court, in the same manner as courts of general jurisdiction."

Moreover, it may be noted that there are no terms or sessions of court for proceedings pending before clerk of Superior Court. Each case has its own return day. *Hartsfield v. Bryan,* 177 N.C. 166, 98 S.E. 379.

And time for hearings may be fixed from time to time as the clerk may direct.

Applying these principles to case in hand, the clerk of Superior Court of Wake County has the power in his discretion to vacate the order of 16 March, 1949, entered through misunderstanding as to the time he would take such action. Hence, the order of 22 March, 1949, vacating the order of 16 March, 1949, was within the power and discretion of the clerk.

And in the light of the decision here on the question first stated, the judgment from which appeal is brought to this Court appears to follow orderly procedure after the order of 16 March, 1949, was vacated.

Finally, it is appropriate to note that hearing was thereafter had before the clerk and a full opportunity afforded all parties to present their respective contentions, and it is not made to appear that in the order of 2 May, 1949, appellants are prejudiced. The judge below, in the exercise of judgment and discretion, approved the order. And the judgment of approval is

Affirmed.