ELEANOR POPLIN SKIDMORE AND HUSBAND, HARRY P. SKIDMORE, AND LESSIE POPLIN CARPENTER, WIDOW, PETITIONERS v. FLORA POPLIN AUSTIN AND HUSBAND, CRAWFORD AUSTIN; M. T. POPLIN AND WIFE, BEULAH POPLIN; L. ODELL POPLIN AND WIFE, DONNIE POPLIN; MARY DOCIE POPLIN BURLESON AND HUSBAND, ED BURLESON; ODESSA POPLIN LAMBERT AND HUSBAND, CLETUS LAMBERT; RAYMOND POPLIN AND WIFE, ROSA POPLIN; ANNIE POPLIN AUSTIN AND HUSBAND, ROSCOE AUSTIN, AND F. LOUISA POPLIN, DEFENDANTS.

(Filed 29 April, 1964.)

**1. Judgments § 5—**

Judgments are either interlocutory or final, and a judgment is interlocutory when it is subject to change by the court during the pendency of the action to meet the exigencies of the case.

**2. Partition § 9—**

All orders in partition proceedings are interlocutory until final confirmation of the report, and if the life tenant dies prior to the sale her death terminates her estate and there can be no sale thereof, and therefore her heirs are not entitled to any part of the proceeds of sale notwithstanding the order of sale directs that the lands be sold and the cash value of her life estate be paid to her or her general guardian.

APPEAL by intervenor, Edward E. Crutchfield, Administrator of the Estate of F. Louisa Poplin, from *McConnell, J.,* October 14, 1963 Civil Session of STANLY.

This proceeding was begun in November 1961. Petitioners allege: M. M. Poplin, in 1918, conveyed 91 acres in Stanly County to F. Louisa Poplin and twelve other named individuals. The grantees were the widow and children of J. W. Poplin, Jr. The widow, F. Louisa Poplin, was granted an estate for her natural life. The fee in remainder was conveyed to the twelve children. The land, producing no income, was owned by petitioners and defendants, the interest of F. Louisa Poplin being an estate for her natural life. The owners of the estate in remainder wished to sell for partition. A sale was for the best interest of the tenant for life. She was, because of age and disease, unable to manage her affairs and for this reason a guardian should be appointed to represent her.

The Clerk, finding F. Louisa Poplin incompetent, appointed Edward E. Crutchfield as guardian *ad litem* to represent her. He filed an answer admitting all of the facts alleged in the petition. He concluded his answer in this manner: "Having fully answered the petition, the guardian *ad litem* submits the interest of his ward to the Court, and prays that the interest of the ward in said lands be computed based on the present age of the ward which is 88 years." The other defendants answered, all admitted the allegations of the petition.

On 1 February 1962 the Clerk signed a writing captioned "Judgment and Order of Sale." The Clerk there finds the facts to be as alleged in the petition and admitted by the answers. He specifically finds, "(h) That it is for the best interest of the said F. Louisa Poplin that her interest in said lands be computed on a cash value basis upon her attained age, and the amount thereof be paid to someone as guardian for her." Following the findings is an order appointing a commissioner, who was authorized to sub-divide and sell the land. The fifth paragraph of the order reads: "That said lands shall be sold free of the life estate of the defendant, F. Louisa Poplin, and the cash value of her interest in said lands shall be determined upon her attained age and paid to her general guardian and if she has no general guardian, into this Court." The commissioner was directed to report any sales he made for confirmation.

Mrs. Poplin, life tenant, died 8 February 1962. In July 1962 the Clerk again ordered the commissioner to sell the lands and to hold the proceeds subject to further orders of the court. Several sales were made and resales ordered because of increased bids. A sale was made 4 February 1963. This sale was confirmed 25 February 1963. The commissioner was directed to pay the expenses of making the sales and to hold the balance of the purchase money subject to further orders of the court.

In September 1963 E. E. Crutchfield qualified as administrator of the estate of F. Louisa Poplin. He was permitted to intervene and assert a claim for that portion of the proceeds of sale representing the value of Mrs. Poplin's life estate on 1 February 1962, the day the commissioner was authorized to sell. He asserted that the value should be ascertained by using Mrs. Poplin's completed age, 88, and her expectancy as fixed by the tabulation appearing in G.S. 8-46.

The Clerk denied intervenor's right to participate in the proceeds of the sale. He directed distribution, after payment of costs, among the co-tenants in accordance with their respective shares. Intervenor appealed. Judge McConnell affirmed the order of the Clerk. Intervenor appealed to this Court.

*Ernest H. Morton, Jr., for appellant.*
*Childers & Fowler and Richard L. Brown, Jr., for defendant appellees.*

RODMAN, J. Appellant contends the order of 1 February 1962 entered while Mrs. Poplin was alive, is a final judgment fixing the portion of the purchase money each of the parties should receive. Based

on that premise he makes the further contention that the judgment, if wrong, is only erroneous; and if wrong can only be corrected by appeal.

The fact that the order signed by the Clerk on 1 February 1962 is entitled "Judgment and Order of Sale" is unimportant. A judgment may be either interlocutory or a final determination of the rights of the parties. G.S. 1-280. It is interlocutory when subject to change by the court during the pendency of the action to meet the exigencies of the case. *Russ v. Woodard,* 232 N.C. 36, 59 S.E. 2d 351. Speaking with reference to the finality of orders in partition proceedings, Barnhill, J. said in *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700:

> "All orders in a proceeding for the partition of land other than the decree of confirmation are interlocutory. (Citations.)

> "Until the confirmation of the report in a special proceeding for partition the whole matter rests in the judgment of the clerk, subject to review by the judge, whose action is binding on us unless an error of law has been committed. (Citation.) An order appointing commissioners is preliminary and interlocutory and the judgment of the judge affirming the clerk in ordering actual partition is not *res judicata* and is not appealable. (Citations.)

> "It is the decree of confirmation which is the final judgment."

The order of 1 February 1962 directed the sale of both the life interest and the interest in remainder because such sale was seemingly in the best interest of the parties. If it developed before the sale, made pursuant to such order, was confirmed that the best interest of the parties would not be served by such sale, the Clerk, in the exercise of his discretion, could have then ordered an actual partition among the remaindermen. The life tenant could, if competent, have sold her interest; if incompetent and for her best interest, the court could have ordered her life estate sold. The life tenant would only be entitled to the proceeds of the sale of *her* estate.

*Mulford v. Hiers,* 13 N.J. Eq. 13, well illustrates and explains the reason for the conclusion here reached: There, one Garrett Hiers, died intestate leaving a widow and six children, four by the widow and two by a prior marriage. Petition for partition was filed. The court found that an actual partition could not be had without prejudice to the rights of the parties. It ordered a sale including the widow's right of dower. The widow consented to the sale. Part of the properties were sold in March. Those sales were confirmed in April. The residue of the lands was sold in November after the death of the widow in October. The children of the widow insisted that their mother was entitled to

have the value of her dower rights computed and paid from the proceeds of the sale of all of the properties. The children of the first marriage insisted that, as the widow died prior to the order of distribution, no payment could be made from the proceeds of the sale of any parts of the properties because of her dower interest. The court, in response to the divergent contentions of the heirs at law, said:

> "So far as relates to the proceeds of the sale of that portion of the land which was sold after the death of the widow, it is clear that her children can have no claim in virtue of her right of dower. It is true that the estate in dower of the widow was, by decree of the court, ordered to be sold, but in point of fact the estate was determined by the death of the widow before the sale. No sale of the dower right was ever made, and consequently there are no proceeds of the sale which the widow could be entitled to have invested for her benefit, or in lieu of which she could receive a sum in gross.

> "But in regard to the sales which were made and confirmed in the lifetime of the widow, her children are entitled to receive out of the proceeds of the sale a just and reasonable satisfaction for their mother's interest."

See also 33 Am. Jur. 771; Annotation: 102 A.L.R. 969.

To hold that the quoted language required payment for an estate which terminated several months prior to the sale would do violence to the manifest intent of the order.

Affirmed.