ROY W. DARDEN v. JOAN B. DARDEN

No. 736DC770

(Filed 9 January 1974)

1. **Divorce and Alimony § 22— custody properly before court**

    The matter of custody was properly before the court where another judge had merely denied defendant's motion for custody but had entered no order awarding custody.

2. **Divorce and Alimony § 24— child custody — evidence of adultery**

    The trial court in a child custody proceeding erred in refusing to allow plaintiff to introduce evidence of defendant's adultery since such evidence is relevant upon the question of defendant's fitness to have custody.

3. **Divorce and Alimony § 24— child custody — insufficiency of evidence to support order**

    The evidence was insufficient to support a finding that the best interests of a minor child would be served by putting her in custody of the mother where the evidence showed the mother had made no plans for the child while she worked nine hours a day and that while in the custody of the father the child was staying in a home close to her paternal grandparents, the people with whom she stayed had a child her age and both children attended a private school.

---
Darden v. Darden
---

4. **Divorce and Alimony § 20— absolute divorce — alimony — rehearing of alimony question — time of award of alimony — relation back**

Where the wife was awarded alimony in an action in which the husband was granted an absolute divorce and the matter of alimony has been remanded for a rehearing, the alimony will be considered as having been awarded at the time of the rendering of the judgment of absolute divorce within the purview of G.S. 50-11(c) if alimony is awarded the wife upon the rehearing.

APPEAL by plaintiff from *Gay, Judge,* May 1973 Civil Session, District Court, HERTFORD County.

Plaintiff brought an action for divorce and custody of the minor children born of the marriage. Defendant answered denying that she abandoned plaintiff and the children and sought custody of the minor daughter, alimony and child support, and a divorce from bed and board. She also asked for counsel fees. Thereafter defendant filed a motion for alimony pendente lite in the amount of $600 per month and $500 counsel fees. Notice of the motion was served on plaintiff. The motion was heard before Judge Blythe who entered an order stating that the matter was heard "on Motion of the defendant for alimony *pendente lite* and custody of minor daughter, said matter being heard on April 27, 1973 and on May 4, 1973, and the plaintiff being present and represented by his attorney, Ernest L. Evans and the defendant being present and represented by her attorney, Thomas L. Jones, and upon the completion of the evidence presented by the plaintiff and the defendant, the Court being of the opinion that said Motion should be denied." The order further adjudicated "that the Motion of the defendant, Joan B. Darden, for alimony *pendente lite* and custody of minor daughter is hereby denied."

Thereafter the matter was heard before Judge Gay who entered an order awarding defendant custody of the minor daughter and $50 per month for her support. He also found defendant to be a dependent spouse and awarded her $200 per month alimony. The order included a direction to plaintiff to pay defendant's counsel the sum of $200. Plaintiff appealed.

*Cherry, Cherry, and Flythe, by Ernest L. Evans, for plaintiff appellant.*

*No counsel for defendant appellee.*

MORRIS, Judge.

[1] Unquestionably, the court had jurisdiction to enter a temporary order of custody of the child pending a hearing. G.S. 50-13.5 (c) (2). *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). Nor would the fact that the motion and notice did not contain a request for custody hearing, avail plaintiff, because it is obvious from the order entered and the evidence at the trial on the merits that he was present, represented by counsel and presented evidence pertaining to custody. Nevertheless, the court did not enter an order *awarding* custody. The order merely *denied* defendant's motion for custody (although custody was not included in the motion). No judicial award of custody had been made prior thereto and none was made until the order entered on 8 June 1973. It is our opinion that the matter of custody was properly before Judge Gay.

[2] It is further our opinion that the court committed prejudicial error in refusing to allow plaintiff to introduce evidence of defendant's adultery. While evidence of adultery does not impel a finding of unfitness of the adulterous parent, "[e]vidence of adulterous conduct, like evidence of other conduct, is relevant upon an inquiry of fitness of a person for the purpose of awarding custody of minor children to him or to her." *In re McCraw Children,* 3 N.C. App. 390, 395, 165 S.E. 2d 1 (1968). Plaintiff was entitled to have introduced evidence, if any he had, of conduct of defendant which would have to do with her fitness to have custody of the minor child. The court's refusal to allow the evidence to come in was prejudicial error.

Additionally, the court's findings of fact with respect to alimony are not supported by the evidence. For example, the court found that "plaintiff maliciously turned the defendant out of doors by his abusive conduct in striking the defendant and soliciting her to commit unnatural sex acts, and since the separation has failed to provide her any support." Defendant's evidence was "I left him because he cussed me and told me to leave. We were at the farm in Mapleton. I had taken all I could stand. I was nervous and upset. He drove me from the home and I didn't even have a coat on when I left." She further testified that plaintiff had never beaten her but had hit her. The defendant testified that plaintiff had paid the first month's rent on her trailer and had had his sons move her. There was also evidence that he had repaired the car she took when she left

the home. The court found as a fact that plaintiffs' one-half interest in a business in Virginia was worth over $100,000. Defendant's evidence was that the entire business was worth about $100,000. The court found that plaintiff owned a one-fifth interest in a 160-acre farm. The evidence was that he with his brothers and sisters owned the remainder interest after the death of his mother. There was no evidence as to the size of the farm. He found that defendant earned $40 per week whereas her own evidence was that she earned $58.

[3]   The court found that the best interests of the child would be served by putting her custody in defendant. Defendant testified that she worked nine hours a day. "If Dana lived with me, she would have to stay with someone else but she is doing that now. *I don't know who she would stay with.*" (Emphasis supplied.) The uncontradicted evidence was that the child was staying at a home in Virginia in close proximity to her paternal grandparents, that the people with whom she stayed had a child her age and both children attended a private Christian School, and were taken to the bus by Mrs. Dunston, with whom she stayed. The defendant had, from the evidence, made no plans for this minor child while she worked nine hours each day. We do not deem the evidence sufficient to support a finding that the child's best interests would be served by giving her custody to defendant.

The matter must be remanded for a hearing on the issues of custody and alimony. The evidence is sufficient to support the finding that plaintiff is entitled to a divorce.

[4]   We are, of course, aware of the provisions of G.S. 50-11 (c) providing that, with certain exceptions, "a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or decree of a court rendered *before* or *at the time* of the rendering of the judgment for absolute divorce." (Emphasis added.) If, upon a rehearing, defendant shall be awarded alimony, it shall be considered as having been awarded at the time of the rendering of the judgment of absolute divorce.

Remanded.

Judges HEDRICK and BALEY concur.