DOROTHY B. HAMILTON v. BUFORD L. HAMILTON, JR.

No. 7722DC511

(Filed 20 June 1978)

**Divorce and Alimony § 17.2; Rules of Civil Procedure § 54.1— decree of absolute divorce on counterclaim — no bar to claim for alimony**

 A decree of absolute divorce granted to defendant in a separate hearing on his counterclaim for absolute divorce could not be pled as a bar to an award of alimony to plaintiff in a subsequent hearing on plaintiff's claim which initiated the action where the judgment of absolute divorce contained no finding that there was no just reason for delay in entering final judgment, G.S. 1A-1, Rule 54(b), since the decree of absolute divorce was not a final judgment as to the remainder of the claims to be adjudicated in the action, but was merely an interlocutory judgment to become final upon a complete adjudication of all claims, rights and liabilities of the parties.

APPEAL by defendant from *Cornelius, Judge.* Judgment entered 22 March 1977 in District Court, IREDELL County. Heard in the Court of Appeals 10 March 1978.

Plaintiff wife commenced this action on 26 July 1976 by way of verified complaint and summons. In her complaint she sought alimony without divorce, custody of the minor children of the marriage, child support, and attorney's fees.

On 19 August 1976 defendant husband answered, denied the material allegations of her complaint, and counterclaimed for absolute divorce on grounds of one year's separation. He further prayed that the plaintiff's action be dismissed and that he be awarded custody of the minor children.

Initially the cause was scheduled for trial in the District Court of Iredell County on 29 September 1976. At that time, however, the plaintiff and defendant, by and through their respective attorneys, in conference with the trial judge, agreed to a settlement of their differences. The matter was, therefore, held open pending execution of a consent order. Prior to execution of the consent order, the defendant obtained a hearing upon his counterclaim for absolute divorce on 26 October 1976. Since neither party requested a jury trial, the court, pursuant to G.S. 50-10, determined the issues of fact presented by the counterclaim. Plaintiff neither objected to nor denied the counterclaim, did not oppose the hearing and offered no evidence. The trial court, therefore, made the appropriate findings and granted the decree of absolute divorce on 26 October 1976.

After the divorce decree was entered, the parties refused to sign the consent order prepared by the plaintiff's attorney. A trial on the merits on the issues of alimony, custody, child support and attorney's fees was, therefore, set for 25 January 1977. Prior to the second hearing, the parties stipulated through their attorneys that the court had "the power to hear the issues of alimony in the absence of a jury." This was stated as a finding by the court.

At the close of all the evidence, the defendant moved to amend his answer to state that, as a further defense, he had been granted an absolute divorce from the plaintiff on 26 October 1976. In his amendment he pled that the absolute divorce was a bar to the plaintiff's right to recover alimony. The trial court granted the defendant's motion, and his answer was amended to that effect.

On 22 March 1977 the trial court entered judgment on the issues excluding the issue of absolute divorce which had been considered and granted in the prior hearing. Therein the court, *inter alia*, made findings of fact, conclusions of law, and granted the plaintiff alimony in the amount of fifty dollars a week. The defendant's appeal is solely concerned with this grant of alimony.

Further facts concerning this appeal will be hereinafter set forth.

*Pope, McMillan & Bender by Harold J. Bender and Constantine H. Kutteh for plaintiff appellee.*

*Sowers, Avery & Crosswhite by William E. Crosswhite for defendant appellant.*

MITCHELL, Judge.

The central issue presented by this appeal is whether the decree of absolute divorce, granted to the defendant in the prior separate hearing on his counterclaim, can be pled as a bar to the judgment awarding alimony in the subsequent hearing on the plaintiff's claim which initiated the action. We hold that it cannot.

The defendant appellant contends that the trial court erred in concluding that the plaintiff was the "dependent spouse" and the defendant the "supporting spouse." He further contends that, after the judgment of absolute divorce, the parties could not have been within the definitions of those terms pursuant to G.S. 50-16.1 since, at that point, no spousal relationship existed. Additionally he contends that, due to the termination of the marriage by the prior divorce decree, the court erred in concluding that the plaintiff was entitled to alimony. These contentions are without merit.

Generally it is clear that a judgment of absolute divorce terminates the right of a spouse to support and the power of a court to enter an alimony order. G.S. 50-11; *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976); *Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967); *Yow v. Yow*, 243 N.C. 79, 89 S.E. 2d 867 (1955); *Smith v. Smith*, 12 N.C. App. 378, 183 S.E. 2d 283 (1971). However, it is equally clear that, with certain exceptions not pertinent to this discussion, "a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or

decree of a court rendered before or at the time of the rendering of the judgment for absolute divorce." G.S. 50-11(c); *McCarley v. McCarley*, 289 N.C. 109, 221 S.E. 2d 490 (1976); *Darden v. Darden*, 20 N.C. App. 433, 201 S.E. 2d 538 (1974); *Johnson v. Johnson*, 17 N.C. App. 398, 194 S.E. 2d 562 (1973).

For some years parties have been permitted to settle the issues of alimony and absolute divorce in the same action. G.S. 50-11(c); G.S. 50-16.8(b); *McCarley v. McCarley*, 289 N.C. 109, 117, 221 S.E. 2d 490, 495 (1976); *Cameron v. Cameron*, 235 N.C. 82, 68 S.E. 2d 796 (1951); *Darden v. Darden*, 20 N.C. App. 433, 201 S.E. 2d 538 (1974). The parties in the action *sub judice* pursued this course.

Although both parties' claims were part of the same action, they were severable. Pursuant to G.S. 1A-1, Rule 42(b), the court may order a separate trial of any counterclaim. Additionally, G.S. 1A-1, Rule 13(i) states that the judgment on a counterclaim "may be rendered in accordance with the terms of Rule 54(b) when the court has jurisdiction so to do." However, G.S. 1A-1, Rule 54(b) states, *inter alia*, that:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a *final judgment* as to one or more but fewer than all of the claims or parties *only if there is no just reason for delay and it is so determined in the judgment.* [Emphasis added.]

We point out that no such finding was made by the trial court in the judgment granting absolute divorce in this case. We recognize that in *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976), the Supreme Court of North Carolina ruled that the lack of such a finding, as to "no just reason for delay," would not be determinative for purposes of appeal pursuant to G.S. 1-277 and G.S. 7A-27(d). Here, however, finality and not appealability is the issue. We hold that the judgment, rendered prior to final determination of all the issues and granting absolute divorce, was interlocutory and subject to the provisions of G.S. 1A-1, Rule 54(b), for purposes of determining its finality. *See Hall v. Hall*, 28 N.C. App. 217, 220 S.E. 2d 158 (1975). Rule 54(b), therefore, in pertinent part states that:

In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and . . . in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The decree of absolute divorce was not a final judgment as to the remainder of the claims to be adjudicated in the action. Instead, it was merely an interlocutory judgment to become final upon a complete adjudication of all claims, rights and liabilities of the parties. *See Hall v. Hall*, 28 N.C. App. 217, 220 S.E. 2d 158 (1975); *and Hinson v. Hinson*, 17 N.C. App. 505, 195 S.E. 2d 98 (1973). It did not terminate or determine the remaining issues arising from the pleadings in the action. *See Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916); *and* Shuford, N.C. Civil Practice and Procedure, § 54-3. Therefore, the court could amend, modify or rescind it at anytime prior to final judgment. *See Skidmore v. Austin*, 261 N.C. 713, 136 S.E. 2d 99 (1964). *See generally*, Shuford, N.C. Civil Practice and Procedure, §§ 54-3 through 54-5.

Judgment upon the remaining issues, including permanent alimony, was entered as of 22 March 1977, and the judgment of absolute divorce not final until that time. Thus, the judgment of absolute divorce could not be pled as a bar to alimony. The granting of the defendant's motion to amend his answer to plead absolute divorce constituted, at worst, an error which was harmless to the defendant.

The trial court elected at the final hearing to treat the plaintiff's prayer for alimony without divorce as a prayer for permanent alimony. This action clearly involved no surprise to either party and was a proper exercise of the trial court's authority pursuant to G.S. 1A-1, Rule 15(b).

We note that it would be the better practice to withhold entry of judgments and orders in cases such as this until all of the issues are adjudicated or consent orders disposing of them entered. This practice would avoid unnecessary confusion and appeals.

For the reasons previously stated, the judgment of the trial court was without reversible error and is

Affirmed.

Chief Judge BROCK and Judge HEDRICK concur.