## BUNKER v. BUNKER.

(Filed November 15, 1905).

*Judgments—Estoppel—Accounting — Exceptions — Appeal —Practice.*

1. A judgment is an estoppel as to the issues raised by the pleadings, and which could be determined in that action and not only as to those actually named in the judgment.

2. This doctrine of estoppel does not extend to any matters which might have been brought into the litigation, or any cause of action which the plaintiff might have joined, but which in fact is neither joined nor embraced by the pleadings.

3. In an action for an accounting where it is alleged that a certain item of costs in another action was a proper charge against the defendant, and was first allowed by the referee and afterwards omitted from his account reported in obedience to an order requiring a new account to be taken and stated, to which omission plaintiff excepted and thereafter a final judgment was rendered which did not in terms include this allowance, but provided on the contrary that plaintiff should recover a certain sum and the costs of action, which necessarily excluded from the judgment the recovery of said certain item of costs, *held*, that the court erred at a subsequent term in ordering the case reinstated on the docket for further proceedings where there was no exception to the judgment and no appeal taken therefrom.

4. A judgment is final which decides the case upon its merits, without any reservation for other and future directions of the court, so that it is not necessary to bring the case again before the court.

5. Where in an action for an accounting by the terms of the judgment (which was final and to which there was no exception) the account was closed to the day of its rendition, no other or further accounting could be ordered in respect to matters not included in that suit, but such relief must be sought in a new and independent action.

6. Where a final judgment was rendered and no exception was entered and no appeal taken, but the amount recovered and the costs were paid, the vitality of that suit and the judgment therein was fully spent and the latter cannot be re-opened and the suit revived by any sort of proceeding known to the law.

ACTION by C. W. Bunker against Adelaide Bunker and another, heard by *Judge O. H. Allen,* upon the original papers, at the August Term, 1904, of the Superior Court of SURRY.

Plaintiff, C. W. Bunker, in behalf of himself and as administrator with the will annexed of his father, Chang Bunker, and as guardian of Hattie Bunker, another child, brought this action against the defendant, Adelaide Bunker, widow of Chang Bunker, for a construction of his will and an accounting in respect to certain rents and profits received from the lands devised to her and others in her husband's will. Her co-defendants are the other children of the testator and the husbands of those who are married. The clause of the will in question provided that, if the rents and profits of his lands should be more than is necessary for the support of his "single and infant children and his wife," the residue should be equally divided among all his children. The court, at August Term, 1886, construed the will and ordered a reference to R. S. Folger to take and state an account of rents and profits in the hands of the defendant, Adelaide Bunker, and to ascertain and report the residue, if any, going to the children. The referee reported and, among other items of the account, charged the said defendant with the sum of $525.15, amount of costs paid in the suit of *Jones v. Bunker,* concerning a part of the land, and interest on the same, $367.68. Defendant, Adelaide Bunker, excepted to this charge; the court (*Judge Boykin* presiding), at the Spring Term, 1893, overruled this exception and, having sustained certain other exceptions of the said defendant, recommitted the case, with directions to the referee, to the end that the account might be correctly taken and the true balance ascertained according to law. A new account was taken and stated by the referee and reported to the court. In this account, the said defendant was again charged with the costs paid by C. W. Bunker in the suit of *Jones v. Bunker,* to be paid out of

the rents and profits of the land. To this there was no excep-
tion, but exceptions were filed to other items, and at the hear-
ing, Fall Term, 1895, the court having considered the excep-
tions, and concluding that the account had been taken on a
wrong principle, set it aside and ordered a new account to be
taken in accordance with the directions then given. The
referee reported and in the account stated by him failed to
charge, or to make any reference to, the item of cost in the
suit of *Jones v. Bunker*. Among other exceptions of plain-
tiffs to this report, not necessary to be stated, was the follow-
ing: That the referee failed to find the amount, $525.15, paid
by C. W. Bunker, as costs in the case of *Jones v. Bunker,* with
interest on the same, as heretofore found by the referee to be
due C. W. Bunker, to be a first lien on said estate or to be
first paid out of the rents and profits of the land described in
the pleadings in this case. At the November Term, 1900,
the court (*Judge Timberlake* presiding), after sustaining
one of defendant's exceptions to the report and overruling
others, and after overruling all of plaintiff's exceptions, in-
cluding, of course, the one as to the costs in the suit of *Jones
v. Bunker,* "adjudged that the heirs at law of Chang Bunker
(plaintiffs and defendants, who are named in the judgment),
recover the sum of $801.51 with interest thereon from the
date of the payment and also the costs of the case to be taxed
by the clerk." There was no exception to this judgment and
no appeal therefrom. The case disappeared from the trial
docket and was transferred to the judgment docket. The
amount of the judgment was fully paid, as counsel admitted
in this court. At Fall Term, 1904, on motion of the plain-
tiffs, after notice, the court ordered the case to be reinstated
for further proceedings. After reciting that, at Spring
Term, 1893, the plaintiff had been allowed by the court,
upon the report of the referee, the amount of the costs in
*Jones v. Bunker,* and that there had been no return or report
of rents and profits by defendant Adelaide Bunker since

1897, the court ordered a reference for the purpose of having taken and stated an account of rents and profits since that time and directed that the amount of the costs in *Jones v. Bunker,* so allowed by the referee and court at a former term, be paid out of any surplus of rents and profits. The defendants excepted to this order and appealed, for the following reasons among others: 1. That the order is not supported by the record. 2. That the order reinstating the cause is erroneous, the judgment of *Judge Timberlake* being final. 3. That the order recommitting to a referee the claim of plaintiff, C. W. Bunker, for the costs in the suit of *Jones v. Bunker,* is erroneous, as this item was presented by the exceptions to the report heard before *Judge Timberlake,* and passed on by him and no exceptions were filed to his judgment.

*Watson, Buxton & Watson* for the plaintiffs.
*Carter & Lewellyn* and *Manly & Hendren* for the defendants.

WALKER, J., after stating the case: There were several important questions discussed in this case, but the only one we need consider is that which relates to the nature and legal effect of the judgment rendered at November Term, 1900, when *Judge Timberlake* presided. If it was a final judgment, the plaintiffs cannot be heard upon any matter which was litigated in the action and which was necessarily determined by it. In such a case, the matter in dispute having passed *in rem judicatam,* the former decision is conclusive between the parties, if either attempts, by commencing another action or proceeding, to re-open the question. This doctrine is but an outgrowth of the familiar maxim, that a man shall not be twice vexed for the same cause, and the other wholesome rule of the law that it is the interest of the State that there be an end of litigation and consequently a matter

of public concern that solemn adjudications of the courts should not be disturbed. Broom's Legal Maxims (8 Ed.), 330, 331. "If," says Lord Kenyon, "an action be brought and the merits of the question be discussed between the parties and a final judgment obtained by either, the parties are concluded and cannot canvass the same question in another action, although, perhaps, some objection or argument might have been urged upon the first trial, which would have led to a different judgment." *Grealhead v. Bromley,* 7 Dunf. & East. (7 T. R.), 546. And again in another case, he says: "After a recovery by process of law there must be an end of litigation; if it were otherwise, there would be no security for any person, and great oppression might be done under the color and pretense of law." *Marriott v. Hampton,* 7 Dunf. & East., 269. "Good matter must be pleaded (or brought forward) in good form, in apt time and in due order, otherwise great advantage may be lost." Coke, 303b. If there be any one principle of law settled beyond all dispute it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatam,* and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever, and so it is, also, that if the plaintiff had an opportunity of recovering something in litigation formerly between him and his adversary, and but for the failure to bring it forward or to press it to a conclusion before the court, he might have recovered it in the original suit; whatever does not for that reason pass into and become a part of the adjudication of the court is forever lost to him. *U. S. v. Leffler,* 11 Peters, 101. *Judge Willes* thus states the rule: "Where the cause of action is the same and the plaintiff has had an opportunity in the former suit of recovering that which he seeks to recover in the second, the former recovery is a bar to the latter action." *Nelson v. Couch,* 15 C. B. (N. S.), 108; (s. c., 109 E. C. L. R., 108). These principles have been fully adopted by us, as will appear in

the case of *Tyler v. Capeheart*, 125 N. C., 64, where the doctrine as to the plea of former judgment is concisely and accurately stated as follows: "The controverted point in that case (*Wagon Co. v. Byrd,* 119 N. C., 460), was whether a judgment was an estoppel as to the issues raised by the pleadings, and which could be determined in that action, or only as to those actually named in the judgment. The court held the former to be the rule settled by the reason of the thing and by the authorities. It was not held that where (as in the present case) other causes of action could have been joined the judgment was final as to them also. It was only intended to say that the cause of action embraced by the pleadings was determined by a judgment thereon, whether every point of such cause of action was actually decided by verdict and judgment or not. The determination of the action was held to be a decision of all the points raised therein, those not submitted to actual issue being deemed abandoned by the losing party, who did not except." And in *Wagon Co. v. Byrd, supra,* it is said: "The judgment is decisive of the point raised by the pleadings or which might properly be predicated upon them." The doctrine does not extend to any matter which might have been brought into the litigation, or any cause of action which the plaintiff might have joined, but which in fact was neither joined nor embraced by the pleadings. *Tyler v. Capeheart, supra.*

Applying the foregoing and familiar principle to our case, we find that the facts bring it clearly within its scope and influence, and certainly at least so far as the matter of costs in the suit of *Jones v. Bunker* is concerned. It was an item in the account originally and was properly considered by the referee as it is alleged in the complaint, and denied in the answers, that it is a proper charge against the said Adelaide Bunker, and should be paid out of the rents and profits of the land. It was at first allowed by the referee and after-

wards omitted from his account reported in obedience to an order requiring a new account to be taken and stated. To this omission plaintiffs excepted, and if it be conceded that the exception was directed only to the failure of the referee to charge the former allowance upon the rents and profits, and this seems to be so, it nevertheless appears that the plaintiffs permitted what is in form and substance a final judgment to be rendered, which did not in terms include this allowance, but provided on the contrary that plaintiffs should only recover a certain sum and the costs of the action, which necessarily excluded from the judgment the recovery of the costs paid in the suit of *Jones v. Bunker*. That this was a final judgment there can be no doubt. It possessed all of the elements and characteristics of such a judgment. It decided the case upon its merits, without any reservation for other and future directions of the court, so that it was not necessary to bring the case again before the court; and when it was pronounced, the cause was at an end and no further hearing could be had. *Flemming v. Roberts*, 84 N. C., 532; *McLaurin v. McLaurin*, 106 N. C., 331. All discussion of questions involved in that suit is shut out by the judgment. This ruling applies with equal force, we think, to the other branch of the order which required the referee to take an account of the rents and profits received since March, 1897. By the very terms of the judgment, the account was closed to the day of its rendition and no other or further accounting could be ordered in respect to matters not included in that suit. Such relief must be sought in a new and independent action.

The judgment was rendered at November Term, 1900. No exception was entered and no appeal taken, but the amount recovered and the costs were paid. When this was all done by and with the acquiescence of the plaintiffs, the vitality of that suit and of the judgment therein was fully spent and the latter could not be re-opened and the suit revived by any sort of proceeding known to the law.

The court erred in making the order and the case is remanded with directions to set it aside and to deny plaintiffs' motion.

Reversed.