HERBERT G. HINSON v. VIRGINIA ROBBIN HINSON

No. 7310DC247

(Filed 14 March 1973)

1. **Divorce and Alimony § 16; Judgments § 37— alimony issue raised in pleadings — consent judgment — bar to future claims for alimony**

   Where the wife filed a counterclaim for alimony based on abandonment and for child custody and support in the husband's action for divorce from bed and board instituted in 1967, a consent judgment entered in that action in 1968 related to child custody and support, household furnishings and the discharge of debts but made no reference to alimony, the husband instituted an action for absolute divorce in 1962 on the ground of separation for a year and the wife again counterclaimed for alimony based on abandonment, the trial court in the second action properly dismissed the wife's counterclaim for alimony on the ground that the 1968 consent judgment was a final judgment as to all issues raised in the pleadings in the former action and that the wife surrendered her right to pursue her claim for alimony when she consented to the 1968 judgment and failed to press her claim for alimony to a conclusion.

2. **Trial § 57— nonjury trial — relaxation of rules of evidence**

   In a trial or hearing by the court the rules of evidence are not so strictly enforced as in a jury trial, and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby.

APPEAL by defendant from *Winborne, District Judge,* 9 October 1972 Session of District Court for WAKE County.

Plaintiff instituted this action on 19 July 1972 seeking an absolute divorce on the ground of one year separation. Defendant filed answer setting up a "first defense" in which she alleged the pendency of an action between the parties and a "second

defense and counterclaim" in which she alleged the following: Plaintiff and defendant were lawfully married to each other in 1941 and thereafter adopted a child, now age 16; in August 1967 plaintiff abandoned defendant without any cause or lawful provocation; that defendant is without sufficient means whereon to subsist during the pendency of this action and to defray the necessary expenses thereof; that defendant is a fit and proper person to have custody of the child; defendant asks for temporary and permanent alimony, custody of and support for the child, counsel fees and that the complaint be dismissed.

In his reply, plaintiff alleged that the matters and things alleged by defendant in her further defenses and counterclaim had been adjudicated previously and that final judgment had been entered thereon; plaintiff asked that defendant's counterclaim be dismissed.

With respect to the former action, the record reveals:

On 22 November 1967 plaintiff instituted an action in superior court against defendant asking for divorce from bed and board on the ground that defendant had subjected plaintiff to indignities which had made his condition intolerable and his life burdensome; plaintiff also asked for custody of the child, but if the court should award custody to defendant, that the court establish the amount of support plaintiff should pay. On 13 December 1967 plaintiff filed notice that on 8 January 1968 he would ask the court to enter an order regarding child custody and support. On 25 January 1968, with the consent of the parties, Judge Copeland entered an order providing, among other things, that pending a hearing of the cause by Judge Copeland at the 18 March 1968 Session of Wake Superior Court, (1) defendant would have possession of the home (which the parties owned as tenants by the entirety) and a Dodge automobile, (2) plaintiff would pay defendant $150.00 per month for support of the child, and (3) plaintiff would have certain specified child visitation privileges.

On 13 March 1968 defendant filed answer in the former action in which she denied that the separation of the parties was due to any wrongdoing on her part; she alleged wrongful abandonment by plaintiff and asked that his action be dismissed; by way of cross action she asked for temporary and permanent alimony, child custody and support, and counsel fees.

On 18 March 1968 Judge Copeland entered a five page judgment, consented to by the parties and their attorneys on each page and at the end. The judgment is summarized in pertinent part as follows (numbering ours):

(1) The cause came on to be heard upon motion of plaintiff and defendant.

(2) The court found as a fact that the action was instituted pursuant to Chapter 50 of the General Statutes, that all persons necessary to a determination of the issues were parties to the action and properly before the court; that the parties were lawfully married to each other on 20 June 1941, and lived together as husband and wife until August 1967 when they separated; that there is a 12 year old adopted child of the marriage; that defendant is a fit and proper person to have the custody of said child; that the parties own, as tenants by the entirety, property located at 1409 Kimberly Drive in the City of Raleigh and that plaintiff's interest therein has been conveyed to defendant in a deed delivered simultaneously with the entry of this judgment, the conveyance being subject to an existing mortgage in amount of approximately $22,000.00; that plaintiff earns from his employment approximately $720.00 per month; that the parties have certain financial obligations (set out in detail); that simultaneously with the entry of the order, plaintiff has caused a Renault automobile to be conveyed to defendant with plaintiff retaining a 1967 Dodge for his use.

(3) The court ordered, adjudged and decreed: that custody of the child be awarded to defendant subject to specified visitation rights of plaintiff; that defendant have the household furniture and furnishings located at 1409 Kimberly Drive; that plaintiff discharge certain listed financial obligations aggregating approximately $3,260.00 and that defendant discharge three items aggregating approximately $350.00; that plaintiff pay defendant's attorney $250.00; that plaintiff pay on the first and fifteenth of each month until 1 March 1971 the sum of $157.50 as support for the minor child; that on 15 March 1971 and on the first and fifteenth of each month thereafter plaintiff pay $182.50 for the support of said child "until such time as the said child shall attain the age of Twenty-One (21) years, or shall become emancipated, or shall substantially complete her education, or shall marry, or shall die, or the entry of the further Order of this Court, whichever shall first occur";

that plaintiff provide for the major medical expenses for said child.

(4) The judgment then provided that if plaintiff failed to make the payments as ordered, he would be punished as for contempt; it further provided "That jurisdiction of this cause is retained for such further orders as may be entered herein with respect to the custody and support of the minor child of the marriage of the parties."

- - - - - -

On 20 October 1972, following a hearing on plaintiff's motion in the present action to dismiss defendant's further defense and counterclaim, at which hearing Judge Winborne considered the record and oral testimony by witnesses including defendant and the attorneys who represented the parties in the former action (the parties being represented by different attorneys in this action), the court entered an order finding facts and concluding that the judgment entered by Judge Copeland was a final judgment as to all issues raised in the pleadings in the former action subject only to later orders relative to contempt, custody and support of the minor child, and ordering that defendant's defenses and counterclaim be dismissed. Defendant appealed from Judge Winborne's order.

*Boyce, Mitchell, Burns & Smith by Eugene Boyce for plaintiff appellant-appellee.*

*Gulley & Green by Jack P. Gulley for defendant appellant.*

BRITT, Judge.

[1] Did the trial court err in concluding that the judgment entered by Judge Copeland on 18 March 1968 was a *final* judgment? We answer in the negative.

G.S. 1A-1, Rule 54(a) provides: "A judgment is either interlocutory or the final determination of the rights of the parties." This definition of judgment was formerly contained in G.S. 1-208. An interlocutory judgment is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy; a final judgment is one which disposes of the cause as to all parties, leaving noth-

ing to be judicially determined between them in the trial court. *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950).

Defendant contends that in the former action plaintiff asked for divorce from bed and board and custody of the child; that in her cross action in the former cause defendant asked for custody of and support for the child, alimony without divorce based on plaintiff's abandonment of her, and counsel fees; that inasmuch as the judgment in the former action made no determination (1) of plaintiff's claim for divorce from bed and board or (2) defendant's cross action for alimony based on plaintiff's abandonment, those issues have not been resolved. Defendant insists she is entitled to her "day in court" on her claim for alimony.

In *Bunker v. Bunker,* 140 N.C. 18, 52 S.E. 237 (1905), opinion by Justice Walker, we find:

> " * * * If there be any one principle of law settled beyond all dispute it is this, that whensoever a cause of action, in the language of the law, *transit in rem judicatam,* and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever, and so it is, also, that if the plaintiff had an opportunity of recovering something in litigation formerly between him and his adversary, and but for the failure to bring it forward or to press it to a conclusion before the court, he might have recovered it in the original suit; whatever does not for that reason pass into and become a part of the adjudication of the court is forever lost to him. *U. S. v. Leffler,* 11 Peters, 101. Judge Willes thus states the rule: 'Where the cause of action is the same and the plaintiff has had an opportunity in the former suit of recovering that which he seeks to recover in the second, the former recovery is a bar to the latter action.' * * * "

Applying the principle stated in *Bunker* to the instant case, when defendant consented to the 1968 judgment and failed to press her claim for alimony to a conclusion, we think she surrendered her right to pursue the claim based upon any occurrences prior to that time.

Defendant argues that the effect of the 18 March 1968 judgment was to grant plaintiff a divorce from bed and board, something that Judge Copeland was without authority to do

inasmuch as G.S. 50-10 required issues in divorce from bed and board actions to be determined by a jury. Assuming, *arguendo*, the effect of the judgment was to grant plaintiff a divorce from bed and board, it would appear that the parties were able to waive jury trial in view of the adoption in 1962 of Sec. 12 of Article IV of the Constitution of North Carolina which in 1968 provided as follows: "In all issues of fact joined in any court, the parties in any civil case may waive the right to have the same determined by a jury; in which case the finding of the judge upon the facts shall have the force and effect of a verdict by a jury." (Note: The substance of said section appears as Sec. 14 of Article IV of the present State Constitution.)

[2]   Defendant assigns as error the admission of certain evidence at the hearing. It is well settled in this jurisdiction that in a trial or hearing by the court the rules of evidence are not so strictly enforced as in a jury trial and it will be presumed that the judge disregarded any incompetent evidence that may have been admitted unless it affirmatively appears that he was influenced thereby. 7 Strong, N. C. Index 2d, Trial, § 57, p. 376. The trial court's findings of fact are fully supported by competent evidence presented at the hearing and it does not affirmatively appear that the court was influenced by any incompetent evidence presented.

We hold that the trial court properly concluded that the judgment entered by Judge Copeland was a final judgment, therefore, the order appealed from is

Affirmed.

Judges PARKER and HERRICK concur.