KIM CROOM, PLAINTIFF v. DEPARTMENT OF COMMERCE, DIVISION OF EMPLOY-
MENT SECURITY; SUE PERRY COLE, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS
ASSISTANT SECRETARY OF COMMERCE FOR THE STATE OF NORTH CAROLINA; AND JOEL
NEW, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE COMMERCE
DEPARTMENT'S DIVISION OF EMPLOYMENT AND TRAINING, DEFENDANTS

No. COA00-156

(Filed 15 May 2001)

**1. Jurisdiction— personal—improper service of process—no
consent or voluntary general appearance**

The trial court erred by asserting jurisdiction over defendant
Employment Security Commission (ESC) in an action where
plaintiff former employee of the state sued four coworkers in
their individual and official capacities, because: (1) there is no
evidence indicating that ESC was ever named as a defendant in
the action, or that it ever received the required service of process
in the manner stated under N.C.G.S. § 1A-1, Rule 4(j)(4) or in any
other manner authorized by the Rules of Civil Procedure; (2) no
summons was ever issued naming ESC as a defendant; and (3)
ESC did not consent to personal jurisdiction nor did it make a
voluntary general appearance in this action.

**2. Civil Procedure— motion in the cause for relief—improper
attempt to amend judgment**

The trial court erred by allowing plaintiff's motion in the
cause for relief which effectively amended the 2 October 1997
judgment awarding plaintiff treble damages, costs, and attorney
fees but not granting the injunction sought by plaintiff against
defendants, because: (1) plaintiff failed to appeal from the 2
October 1997 judgment and has not sought relief from the judg-
ment under either N.C.G.S. § 1A-1, Rule 59 or Rule 60; (2) plain-
tiff's motion in the cause for relief was an ineffective manner to
attempt to alter the 2 October 1997 judgment; and (3) our law
does not permit a party to claim that a judgment is defective after
relying upon its validity and accepting its benefits, and plaintiff
admits that the 2 October 1997 judgment was paid in full.

Appeal by defendant Department of Commerce and the North
Carolina Employment Security Commission from order entered 14
September 1999 by Judge Donald W. Stephens in Superior Court,
Wake County. Heard in the Court of Appeals 21 February 2001.

CROOM v. DEPARTMENT OF COMMERCE

[143 N.C. App. 493 (2001)]

*Pueschel Law firm, by Janet I. Pueschel, for the plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Jane T. Friedensen, for the defendant-appellant North Carolina Department of Commerce.*

*C. Coleman Billingsley, Jr., and Fred R. Gamin, for the appellant North Carolina Employment Security Commission.*

WYNN, Judge.

This appeal arises from a complaint, originally filed on 10 July 1995, wherein the plaintiff, a former Social Research Assistant II employed by the State, sued four individuals in their individual capacities as well as their official capacities as employees of the State of North Carolina Department of Commerce. Defendants Sue Perry Cole and Joel New are not parties to this appeal. On 14 August 1995, the plaintiff filed an amended complaint naming the same four defendants as in the original complaint.

On 15 July 1996, the plaintiff filed a motion for leave to amend her complaint. On 23 July 1996, the trial court—per Judge Henry V. Barnette, Jr.—entered an order dismissing the plaintiff's claims against the four named individuals, in their individual and official capacities, and allowed the plaintiff to file a second amended complaint incorporating the changes in her amendments to the complaint. Accordingly, the plaintiff filed a "Second Amended Complaint" on 23 July 1996, naming the "Department of Commerce, Division of Employment Security Commission" as a defendant, together with defendants Cole and New.

On 22 August 1996, the Department of Commerce, Division of Employment Security Commission filed a motion to dismiss the Second Amended Complaint with prejudice. On 1 July 1997, the trial court, per Judge Jack A. Thompson, entered an order dismissing the Second Amended Complaint with prejudice as to the Department of Commerce, Division of Employment Security Commission on grounds of lack of jurisdiction, insufficiency of process, and insufficiency of service of process. The plaintiff did not appeal from this order.

The plaintiff obtained an alias and pluries summons for the "Department of Commerce, Division of Employment Security Commission" on 1 August 1997, which summons was served on

Assistant Attorney General Jane T. Friedensen on 6 August 1997. On 20 August 1997, the defendant "Department of Commerce, Division of Employment Security Commission" filed a motion to dismiss the second amended complaint, or in the alternative to quash the summons issued on 1 August 1997. The trial court apparently took no direct action on this motion.

On 2 October 1997, the trial court—per Judge Donald W. Stephens—entered judgment against defendant New, acting in both his individual capacity and in his official capacity as manager of the Department of Commerce, Division of Employment and Training, and dismissing with prejudice all claims against defendant Cole. The trial court awarded the plaintiff damages, in addition to costs and reasonable attorneys' fees, "to be paid by the North Carolina Department of Commerce, Division of Employment and Training and by Joel New, individually." This judgment was paid on or about 13 February 1998.

The plaintiff filed a "Motion in the Cause for Relief" on 14 July 1999, seeking reinstatement to her former position with the Department of Commerce. The Department of Commerce filed a response seeking to have the plaintiff's motion denied. On 14 September 1999, the trial court—per Judge Stephens—entered an order declaring that the court does have jurisdiction over the Department of Commerce and the Employment Security Commission, based on the court's findings in its 2 October 1997 judgment. The court therefore ordered that the plaintiff be reinstated to the previous position she held with the Department of Commerce, or to a comparable position at the Department of Commerce, the Employment Security Commission, or such other agency as can locate a comparable position. The court further ordered that if no such position is available, the plaintiff should be accorded all applicable rights due to her under the State Personnel Act. Both the Department of Commerce and the Employment Security Commission appealed from the 14 September 1999 order. We consider the arguments of each appellant in turn.

I. Employment Security Commission

[1] The Employment Security Commission argues that the trial court erred in asserting jurisdiction over the Employment Security Commission as the trial court had no basis for asserting such jurisdiction. We agree.

Regarding personal jurisdiction, our Supreme Court has stated:

> Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent. Rule 4 of the North Carolina Rules of Civil Procedure provides the methods of service of summons and complaint necessary to obtain personal jurisdiction over a defendant, and the rule is to be strictly enforced to insure that a defendant will receive actual notice of a claim against him.

*Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996) (internal citations omitted). In other words, "[t]he issuance and service of process is the means by which the court obtains jurisdiction. Where no summons is issued the court acquires jurisdiction over neither the persons nor the subject matter of the action." *In re Mitchell*, 126 N.C. App. 432, 433, 485 S.E.2d 623, 624 (1997) (internal citations omitted).

N.C. Gen. Stat. § 1A-1, Rule 4(j) (1999) dictates the manner in which a defendant must be served with process to effect personal jurisdiction. For an agency of the State such as the Employment Security Commission (*see Prudential Ins. Co. of Am. v. Powell*, 217 N.C. 495, 8 S.E.2d 619 (1940)), process must be served "by personally delivering a copy of the summons and of the complaint to the process agent appointed by the agency . . . or by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to said process agent." N.C. Gen. Stat. § 1A-1, Rule 4(j)(4)a. N.C. Gen. Stat. § 96-4(u) (1999) confirms that "[s]ervice of process upon the [Employment Security] Commission in any proceeding instituted before . . . [a] court of this State shall be pursuant to" Rule 4(j)(4).

In the instant case, there is no evidence in the record indicating that the Employment Security Commission was ever named as a defendant in the action (*see* N.C. Gen. Stat. § 1A-1, Rule 10(a) (1999)), or that it ever received the required service of process in the manner stated in Rule 4(j)(4) or in any other manner authorized by the Rules of Civil Procedure. No summons was ever issued naming the Employment Security Commission as a defendant. Because the Employment Security Commission was never properly served with process, and did not consent to personal jurisdiction, a trial court may exercise personal jurisdiction over the Employment Security Commission only if it voluntarily appeared in the case. N.C. Gen. Stat. §§ 1-75.3(b) (1999); 1-75.7 (1999). As the Employment Security

Commission has made no voluntary general appearance in this action, the trial court had no personal jurisdiction over the Employment Security Commission. *See Grimsley*, 342 N.C. at 546, 467 S.E.2d at 94.

We note that the plaintiff's Second Amended Complaint named as a defendant the "Department of Commerce, Division of Employment Security Commission." In response, Assistant Attorney General Friedensen filed a motion to dismiss the complaint as to this defendant, arguing a lack of jurisdiction in that "[n]either the Department of Commerce nor the Employment Security Commission has been served with a summons in this matter since the Department [of Commerce, Division of Employment Security Commission] was added as a defendant in the Plaintiff's Second Amended Complaint." The court, per Judge Thompson, agreed and dismissed the Second Amended Complaint "with prejudice as to the Defendant Department of Commerce, Division of Employment Security Commission on the grounds of lack of jurisdiction, insufficiency of process and insufficiency of service of process."

Nonetheless, in its 14 September 1999 Order, the trial court, per Judge Stephens, ordered that the court does have jurisdiction over the Employment Security Commission "based on the Court's findings in its [2 October 1997 Judgment that defendant] New acted in his official capacity as Director of the Commerce Department's Division of Employment and Training through his actions with the Employment Security Commission." The trial court, however, lacked personal jurisdiction to render the 2 October 1997 judgment binding against the Employment Security Commission, and cannot simply declare personal jurisdiction over the Employment Security Commission based on findings made in that previous judgment that tangentially implicate the Employment Security Commission. In his findings of fact in that judgment, Judge Stephens actually notes that the Employment Security Commission is a "stand-alone agency" separate from the Department of Commerce, Division of Employment and Training. As the trial court lacked such personal jurisdiction, it was without power to render the 2 October 1997 judgment enforceable against the Employment Security Commission, and likewise was without personal jurisdiction over the Employment Security Commission for purposes of entering the 14 September 1999 order. *See* N.C. Gen. Stat. § 1-75.3(b); *Mitchell*, 126 N.C. App. at 433, 485 S.E.2d at 624.

## II. Department of Commerce

**[2]** The defendant Department of Commerce first argues that the trial court lacked the authority to grant the plaintiff's motion in the cause for relief. We agree.

The Department of Commerce contends that the 2 October 1997 judgment entered by Judge Stephens was a final judgment that had already been satisfied. According to the Department of Commerce, the plaintiff's 14 July 1999 "Motion in the Cause For Relief" seeks to impermissibly modify and enlarge the 2 October 1997 judgment without any statutory authority. The plaintiff counters by arguing that the 2 October 1997 judgment was interlocutory as it did not constitute a final determination of all issues, and was thus subject to change.

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950); *see Russ v. Woodard*, 232 N.C. 36, 41, 59 S.E.2d 351, 355 (1950) (final judgment "decides the case upon its merits, without any reservation for other and future directions of the court") (citation omitted). In contrast, "[a]n order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dep't of Transp. v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). Our Supreme Court has stated:

> A judgment is conclusive as to all issues raised by the pleadings. When issues are presented it is the duty of the court to dispose of them. Parties, even by agreement, cannot try issues piecemeal. The courts and the public are interested in the finality of litigation. This idea is expressed in the Latin maxim *interest reipublicae ut sit finis litium*, that there should be an end of litigation for the repose of society. The law requires a lawsuit to be tried as a whole and not as fractions. Moreover, it contemplates the entry of a single judgment which will completely and finally determine all the rights of the parties. A party should be required to present his whole cause of action at one time in the forum in which the litigation has been duly constituted.

*Hicks v. Koutro*, 249 N.C. 61, 64, 105 S.E.2d 196, 199-200 (1958) (internal citations omitted).

In *Bunker v. Bunker*, 140 N.C. 18, 52 S.E. 237 (1905), our Supreme Court addressed a situation similar to that in the instant case, stating:

> [The issue is] whether a judgment was an estoppel as to the issues raised by the pleadings, and which *could* be determined in that action, or *only* as to those *actually named in the judgment.* [] It was only intended to say that *the cause of action embraced by the pleadings was determined by a judgment thereon, whether every point of such cause of action was actually decided by verdict and judgment or not.* The determination of the action was held to be a decision of *all* the points raised therein, those not submitted to actual issue being deemed abandoned by the losing party, who did not except.

*Id.* at 23, 52 S.E. at 239 (emphasis added) (citations omitted).

In her second amended complaint, the plaintiff sought to "permanently enjoin Defendants from depriving Plaintiff of her job duties and functions by manipulating her job placement and return her to her former position, job duties, and location." She also sought reasonable damages, treble damages, costs and attorneys' fees. In the 2 October 1997 judgment, Judge Stephens awarded the plaintiff treble damages, costs and attorneys' fees, but did not grant the injunction sought by the plaintiff against the defendants; nor did the judgment reserve for judgment the issue of injunctive relief against the defendants. The 2 October 1997 judgment was therefore a final judgment on the merits as to the issues presented by the plaintiff in the pleadings, including the issue of injunctive relief against the defendants. *See Bunker*, 140 N.C. at 22, 52 S.E. at 239 ("[I]f the plaintiff had an opportunity of recovering something in litigation formerly between him and his adversary, and but for the failure to bring it forward or to press it to a conclusion before the court, he might have recovered it in the original suit; whatever does not for that reason pass into and become a part of the adjudication of the court is forever lost to him.") (Citing *U.S. v. Leffler*, 11 Pet. 101, 9 L. Ed. 642).

Rules 59 and 60 of the North Carolina Rules of Civil Procedure, in addition to a party's right to appeal a final judgment, provide the manner by which a party may seek relief from a final judgment. Rule 59 provides that a party may seek a new trial by serving a motion for new trial, or a motion to alter or amend the judgment, within ten days after entry of the judgment. N.C. Gen. Stat. § 1A-1, Rule 59 (1999).

CROOM v. DEPARTMENT OF COMMERCE

[143 N.C. App. 493 (2001)]

Rule 60 allows a party to obtain relief from a final judgment for certain enumerated reasons upon motion, which motion "shall be made within a reasonable time," and for certain reasons not more than one year after entry of the judgment. N.C. Gen. Stat. § 1A-1, Rule 60(b) (1999).

The plaintiff failed to appeal from the 2 October 1997 judgment, and has not sought relief from the judgment under either Rule 59 or Rule 60. The plaintiff's "Motion in the Cause For Relief" was an ineffective manner by which to proceed to attempt to alter the 2 October 1997 judgment. Furthermore, "our law does not permit a party to claim that a judgment is defective after relying upon its validity and accepting its benefits." *Kimzay Winston-Salem, Inc. v. Jester*, 103 N.C. App. 77, 80, 404 S.E.2d 176, 178, *cert. denied*, 329 N.C. 497, 407 S.E.2d 534 (1991). The plaintiff in the instant case admits in her motion for relief that the 2 October 1997 judgment was paid in full. The trial court therefore erred in permitting the plaintiff to effectively amend the 2 October 1997 judgment by allowing the plaintiff's motion.

As the trial court had no personal jurisdiction over the Employment Security Commission, and the plaintiff's attempts to amend the 2 October 1997 final judgment were improper and ineffective, the court's 14 September 1999 order is therefore vacated.

Vacated.

Judges McGEE and THOMAS concur.