FIRST GASTON BANK OF NORTH CAROLINA, Plaintiff,
v.
CITY OF HICKORY, VERNA AND ASSOCIATES, INC., VERNA ENGINEERING, P.C., and PETER J. VERNA, JR., Defendants.
No. COA08-1017
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Smith, Cooksey & Vickstrom, PLLC, by Neil C. Cooksey and Steven L. Smith, for plaintiff-appellant.
Cranfill Sumner & Hartzog, LLP, by Patrick H. Flanagan and Amy E. Fitzgerald, for City of Hickory defendant-appellee.
GEER, Judge.
Plaintiff First Gaston Bank of North Carolina appeals the trial court's order granting summary judgment to defendant City of Hickory. Because First Gaston's claims against defendants Verna and Associates, Inc., Verna Engineering, P.C., and Peter J. Verna, Jr. ("the Verna defendants") remain pending, this appeal is interlocutory. First Gaston asserts that this Court has jurisdiction over this appeal under N.C. Gen. Stat. § 1-277 (2007), which authorizes appeals of some interlocutory orders. First Gaston has not, however, made any specific argument as to how § 1-277 applies in this case. Accordingly, we dismiss the appeal.

Facts
First Gaston financed the purchase of real property located on Highway 70 in Hickory, North Carolina by SCA Morris, LLC and the construction of a restaurant on that property. A 96-inch corrugated metal underground storm drainage pipe ran beneath the property, connecting upstream to a culvert maintained by the North Carolina Department of Transportation ("DOT") and downstream to a pipe maintained by the City.
On 17 August 2002, during a heavy rainstorm, the pipe failed, causing a large sinkhole to open up on the property. The City immediately posted the restaurant as unsafe for human occupancy and declared the property a nuisance. The Verna defendants were hired to design and perform the repair of the pipe, as well as repair damages to the restaurant resulting from the sinkhole. First Gaston loaned SCA Morris additional funds to complete the repairs. The parties dispute the degree of involvement of the City with respect to the repairs to the pipe, including whether the City issued permits in connection with the pipe repairs and whether the City inspected those repairs.
In June 2003, the restaurant reopened after the Verna defendants claimed the repairs were complete and had certified that the foundation of the restaurant was properly repaired and the building was safe for occupancy. The restaurant closed again in May 2004, and SCA Morris defaulted on the First Gaston loans. First Gaston subsequently foreclosed on and took title to the property. On 7 July 2005, during a heavy rainstorm, the pipe failed again and another large sinkhole developed on the property. The sinkhole threatened the structural integrity of the restaurant, and the City eventually revoked the building's Certificate of Occupancy. First Gaston subsequently sold the property for $1.00.
On 24 May 2006, First Gaston brought suit (06 CVS 1699) against the City for negligence in failing to adequately supervise the Verna defendants' repair of the property and in failing to maintain its storm water drainage system. On the same date, First Gaston also filed a separate action (06 CVS 2420) against the Verna defendants for negligence and breach of contract. On 17 July 2006, First Gaston filed an amended complaint against the City, alleging a second claim for relief for inverse condemnation, alleging that the City's actions above and below the pipe on First Gaston's property increased the water flow through the pipe, caused the pipe to burst, and constituted a "taking."
The City asserted third-party claims against the Verna defendants, and the Verna defendants filed a motion to consolidate First Gaston's action against the City with First Gaston's action against the Verna defendants. On 10 May 2007, the trial court entered a consent order consolidating the two actions with all further pleadings in the matter to be filed in 06 CVS 1699.
The City filed a motion for summary judgment and an amended motion for summary judgment seeking dismissal of First Gaston's claims against the City. On 21 December 2007, the trial court entered an order granting the City's motion for summary judgment. First Gaston appealed the summary judgment order to this Court.

Discussion
"[A] final judgment is one which disposes of the cause as to all parties, leaving nothing to be judicially determined between them in the trial court." Hinson v. Hinson, 17 N.C. App. 505, 508-09, 195 S.E.2d 98, 100 (1973). On the other hand, an order is interlocutory if it is made during the pendency of an action and does not dispose of the case, but rather requires further action by the trial court in order to finally determine the entire controversy. Cagle v. Teachy, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). "Orders which do not dispose of the action as to all parties are interlocutory." Jarrell v. Coastal Emergency Servs. of the Carolinas, Inc., 121 N.C. App. 198, 199, 464 S.E.2d 720, 722 (1995). Because First Gaston's claims against the Verna defendants remain pending, the trial court's order granting summary judgment to the City of Hickory is interlocutory.
Generally, there is no right to appeal from an interlocutory order unless (1) the trial court certified the order under Rule 54(b) of the Rules of Civil Procedure, or (2) the order affects a substantial right that would be lost without immediate review. Eckard v. Smith, 166 N.C. App. 312, 316, 603 S.E.2d 134, 137-38 (2004), disc. review denied in part, 359 N.C. 321, 611 S.E.2d 410, aff'd per curiam in part, 360 N.C. 51, 619 S.E.2d 503 (2005).
The burden of establishing this Court's jurisdiction to hear an appeal falls squarely on the appellant. Turner v. Norfolk S. Corp., 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000). To this end, Rule 28(b)(4) of the Rules of Appellate Procedure requires each appellant's brief to contain a statement of the grounds for appellate review. Specifically:
Such statement shall include citation of the statute or statutes permitting appellate review. When an appeal is based on Rule 54(b) of the Rules of Civil Procedure, the statement shall show that there has been a final judgment as to one or more but fewer than all of the claims or parties and that there has been a certification by the trial court that there is no just reason for delay. When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.

N.C.R. App. P. 28(b)(4) (emphasis added).
First Gaston has not met the requirements of Rule 28(b)(4). Its statement of the grounds for appellate review states in its entirety: "Plaintiff appeals pursuant to N.C. Gen. Stat. Ann. § 1-277 (West) from the trial court's order granting Defendant's motion for summary judgment as to all claims." We assume that First Gaston is contending that the order affects a substantial right given its citation to N.C. Gen. Stat. § 1-277 and the fact that the trial court did not certify the order under Rule 54(b). See Camp v. Leonard, 133 N.C. App. 554, 557, 515 S.E.2d 909, 912 (1999) ("Entry of judgment for fewer than all the defendants is not a final judgment and may not be appealed in the absence of certification pursuant to Rule 54(b) unless the entry of summary judgment affects a substantial right."). Nevertheless, contrary to Rule 28(b)(4), First Gaston sets out no facts and makes no argument as to why the trial court's grant of summary judgment affects a substantial right.
As this Court stressed in Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994):
It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
Since First Gaston has not demonstrated the existence of any substantial right that would be lost without our immediate review, we dismiss the appeal.
Dismissed.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).